# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA,
# SOUTHERN DIVISION

| | |
|---|---|
| **BELINDA GAIL BETHEA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE |
| ) | NUMBER: _____ |
| **AETNA LIFE INSURANCE** ) | |
| **COMPANY** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Comes now the Plaintiff, Belinda Gail Bethea, and hereby files her complaint against Aetna.

## PARTIES

1. The Plaintiff, Belinda Gail Bethea ("Mrs. Bethea"), is an insured under Group Long Term Disability Plan for employees of The Moses H. Cone Memorial Hospital Operating Corporation, identified as Group Insurance Policy GP-0737462 ("the Plan"), who has been improperly denied disability benefits under the Plan.

2. Defendant, Aetna Life Insurance Company ("Aetna"), is the Administrator of the Plan. Upon information and belief, Aetna is a foreign corporation incorporated in the State of Connecticut, which conducts business generally in the State of Alabama and specifically within this District.

1

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff asserts claims for long term disability ("LTD") benefits, enforcement of ERISA rights and statutory violations of ERISA under 29 U.S.C. § 1132, specifically, Mrs. Bethea brings this action to recover benefits due to her pursuant to 29 U.S.C. §1132(a)(1)(B) and to enforce her rights under the Plan pursuant to 29 U.S.C. §1132(a)(3). This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §§ 1132(a), (e)(1) and (f) and 28 U.S.C. § 1131. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## INTRODUCTION

4. The Plaintiff in this case was subjected to improper claim handling procedures by Aetna as it exploited the shortcomings of ERISA as it relates to claims for "welfare" benefits to avoid paying Mrs. Bethea's valid claim for disability benefits. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit Plans." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). Mrs. Bethea, as an employee insured for disability, was supposed to be treated as a beneficiary by Aetna as a statutory fiduciary. Instead, Aetna has breached those duties and victimized Mrs. Bethea by

engaging in improper claim handling procedures. As described in more detail below, Aetna has clearly engaged in bad faith claim handling and Mrs. Bethea, at minimum, is entitled to *de novo* review and all relief that ERISA provides.

## STATEMENT OF FACTS

5. Mrs. Bethea is an insured for benefits under the Plan. Aetna is the administrator of the Plan. The Plan provides insureds, like Mrs. Bethea, LTD benefits and was in full force and effect at all times relevant to this Complaint.

6. At all relevant times, Mrs. Bethea was employed by The Moses H. Cone Memorial Hospital Operating Corporation and was a covered participant in the Plan, as defined in 29 U.S.C. § 1002(7) and under the terms and conditions of the Plan.

7. Mrs. Bethea, a woman fifty-nine (59) years of age, worked for The Moses H. Cone Memorial Hospital Operating Corporation until her disabilities forced her to stop working on or about May 5, 2016.

8. Mrs. Bethea was employed by The Moses H. Cone Memorial Hospital Operating Corporation as a Registered Nurse.

9. Mrs. Bethea's medical disabilities include chronic low back pain, lumbar spondylosis, lumbar spinal stenosis, lumbar radiculopathy, and neurogenic claudication. The symptoms of her impairments and the side effects of the medications and treatment prescribed render Mrs. Bethea unable to perform any job.

10. Mrs. Bethea was approved for and began receiving LTD benefits from Aetna as of August 12, 2016.

11. Mrs. Bethea received continuous LTD benefits through November 15, 2018, totaling two (2) years of continuous benefits.

12. Mrs. Bethea's LTD benefits were approved and paid during this period because Aetna determined that she was unable to perform the material and substantial duties of her occupation, as defined under the Plan.

13. After receiving twenty-four (24) months of LTD benefits, Mrs. Bethea's claim was reviewed using the gainful occupation definition of disability as defined by the policy.

14. By letter dated September 14, 2018, Aetna wrongfully terminated Mrs. Bethea's LTD benefits beyond November 15, 2018.

15. The Plan at issue, as governed by ERISA and relied upon to deny Mrs. Bethea's long term disability benefits states, in part:

Test of Disability

From the date that you first became disabled and until monthly benefits are payable for 24 months until you meet the test of disability on any day that:

- You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and

- Your earnings are 80% or less of your adjusted predisability earnings.

After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.

16. Using this test of disability, Aetna found Mrs. Bethea disabled and approved her LTD benefits for two years as Mrs. Bethea's chronic low back pain, lumbar spondylosis, lumbar spinal stenosis, lumbar radiculopathy, and neurogenic claudication prevented her from performing the material and substantial duties of her own occupation.

17. However, on September 14, 2018, Aetna determined that Mrs. Bethea no longer met the definition of disability as defined under the Plan and terminated Mrs. Bethea's LTD benefits.

18. At all relevant times, and prior to the termination of Mrs. Bethea's benefits, she was under the consistent care of Dr. Thomas Saullo ("Dr. Saullo"), who specialized in physical medicine and rehabilitation, and Dr. Ruben Torrealba ("Dr. Torrealba"), who specialized in orthopedic spine surgery.

19. Mrs. Bethea's medical history is notable for right-sided L4-5 transforaminal lumbar interbody fusion, L4-5 posterior spinal fusion and

5

instrumentation, bilateral hemilaminectomy with decompression of the thecal sac and L4 and L5 nerve roots, and bone grafting and bone marrow aspiration on August 10, 2016 to address her lumbar spinal stenosis, spondylosis, degenerative spondylolisthesis, and bilateral sciatica.

20. Persistent back pain necessitated a left L2-5 medial branch blockade on September 19, 2017 as well as a left L5 nerve root block on January 16, 2018 and left S1 nerve root block on February 13, 2018.

21. A lumbar MRI was performed on December 4, 2017 and demonstrated prior L4-5 fusion and decompression, mild canal stenosis, and multilevel foraminal narrowing, moderate on the left at L5-S1.

22. On February 23, 2018, Dr. Saullo provided an Attending Provider Statement and noted that, due to lumbar spondylosis, stenosis, and sciatica, Mrs. Bethea was limited by back and leg pain and could only walk short distances and stand for limited periods. Dr. Saullo noted that a full recovery was "not likely, at this time," and that her "function [is] unlikely to greatly improve."

23. Dr. Roy Moreira also noted Mrs. Bethea's recovery to be "unlikely" in an Attending Provider Statement dated March 14, 2018. Dr. Moreira, too, noted that back pain made prolonged sitting walking impossible.

24. An Attending Provider Statement from Dr. Moreira on May 23, 2018 detailed Mrs. Bethea's inability to bend, sit or walk regularly due to low back pain.

25. While reviewing Mrs. Bethea's claim, Aetna referred the claim for a Transferable Skill Analysis on August 22, 2018, which identified three alternative occupations it deemed Mrs. Bethea capable of performing.

26. This Transferable Skills Analysis assigned a Sedentary functional capacity to Mrs. Bethea, seemingly based primarily on a referral form provided by Aetna.

27. Following this vocational assessment, Aetna informed Mrs. Bethea on September 14, 2018 of its decision to terminate LTD benefits as of November 16, 2018.

28. Less than two weeks following this denial of benefits, on September 26, 2018, Mrs. Bethea underwent a lumbar MRI which revealed progressive spinal stenosis at L3-4 which was now moderately severe and progressive left-sided disc protrusion at L5-S1 with progressive impingement of the left S1 nerve root.

29. On October 2, 2018, Mrs. Bethea appeal the termination of her LTD benefits. Mrs. Bethea included with her appeal additional medical records outlining the decline of her condition.

30. Dr. Saullo noted lumbar spasm, paraspinal tenderness, positive straight leg raise, and limited lumbar range of motion during an evaluation on September 6, 2018, and likewise noted increasing symptoms of pain.

31. Dr. Torrealba also noted severe back pain, restricted lumbar range of

motion, and lower extremity weakness causing difficulty walking on September 21, 2018 and September 28, 2018.

32. After noting the progressively worsening findings shown on her September 26, 2018 MRI, Dr. Torrealba referred Mrs. Bethea for additional nerve root blocks during this September 28, 2018 appointment, and also noted that further surgery might be necessary should her symptoms remain severe.

33. In an Attending Provider Statement dated October 3, 2018, Dr. Torrealba noted Mrs. Bethea's diagnoses of lumbar spinal stenosis and spondylolisthesis which remained symptomatic despite a series of injections and several medication trials. Dr. Torrealba noted that Mrs. Bethea was not able to stand or sit for prolonged periods and that, should her pain fail to improve following one further injection, surgery would be considered.

34. Despite providing proof of her disability both before the termination of benefits and throughout the appeals process, Aetna refused to award Mrs. Bethea's LTD benefits and issued its final termination letter dated October 31, 2018.

35. In its final termination letter dated October 31, 2018, Aetna relied on the opinion of paid medical reviewer Dr. Eric Kerstman ("Dr. Kerstman").

36. Dr. Kerstman, whom has never seen or treated Mrs. Bethea, acknowledged Mrs. Bethea's chronic back pain and noted the progressive nature of her symptoms, yet rendered an opinion that Mrs. Bethea was capable of Light work

capacity.

37. Dr. Kerstman's opinion as reflected in the termination letter dated October 31, 2018 solely focused on Mrs. Bethea's physical functionality and failed to consider Mrs. Bethea's non-exertional limitations.

38. At all relevant times of Aetna's review of Mrs. Bethea's claim, Aetna had the contractual right to obtain better evidence of Mrs. Bethea's disability by ordering an independent medical examination.

39. Rather than ordering Mrs. Bethea to sit for an independent medical examination, Aetna relied on a paid record review to support its denial of LTD benefits.

40. Aetna did not allow Mrs. Bethea an opportunity to review and respond to Dr. Kerstman's paid report, as Mrs. Bethea was only informed of their involvement and Aetna's reliance upon their opinion in the letter terminating benefits dated October 31, 2018. Rather than providing Mrs. Bethea an opportunity to respond, Aetna informed Mrs. Bethea that she could "file a lawsuit."

41. Following the termination of her LTD benefits, on March 27, 2020, Mrs. Bethea was informed by the Social Security Administration that she was deemed totally disabled.

42. As of this date, Mrs. Bethea has been denied LTD benefits rightfully owed to her under the Plan.

43. Mrs. Bethea has met and continues to meet the Plan's definition of disabled.

44. Mrs. Bethea has exhausted any applicable administrative review procedures and her claim is ripe for judicial pursuant to 29 U.S.C. § 1132.

45. Aetna's refusal to pay benefits has caused tremendous financial hardship on Mrs. Bethea.

## STANDARD OF REVIEW

46. A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit Plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

47. When discretionary authority is clearly granted and the insurer of an ERISA plan also acts as a claims administrator, there is a structural or inherent conflict of interest that mandates a heightened arbitrary and capricious standard of review.

48. Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to Aetna or to any other entity who may have adjudicated Mrs. Bethea's claim. Therefore, the Court should review Mrs. Bethea's claim for benefits under a *de novo* standard.

49. Upon information and belief, Aetna evaluated and paid all claims under the LTD Plan at issue, creating an inherent conflict of interest.

50. Aetna has failed to comply with the letter of the claims procedures outlined in ERISA and therefore Mrs. Bethea's claim for benefits should be reviewed by this Court under a *de novo* standard.

51. In the alternative, if the Court finds that Aetna is entitled to the heightened arbitrary and capricious standard of review, the termination of Plaintiff's benefits constitutes a clear abuse of discretion as Aetna's decision to deny Mrs. Bethea's LTD benefits was arbitrary and capricious.

## **DEFENDANT'S WRONGFUL AND UNREASONABLE CONDUCT**

52. Aetna has wrongfully denied LTD benefits to Mrs. Bethea, in violation of the policy provisions and ERISA, for the following reasons:

   (a) Mrs. Bethea is totally disabled, in that she is prevented from performing the duties of any gainful occupation;

   (b) Mrs. Bethea is entitled to disability benefits under the terms of the Plan, as she meets the Plan's definition of disability and she has otherwise met the conditions precedent of the Plan for coverage and entitlement to benefits;

   (c) Aetna failed to accord proper weight to the evidence in the administrative record showing that Mrs. Bethea is totally disabled;

(d) Aetna's interpretation of the definition of disability contained in the Plan is contrary to plain language of the Plan, unreasonable, arbitrary, capricious, and otherwise violated the standards required by ERISA;

(e) Aetna failed to allow Mrs. Bethea a right to access information upon which it relied to make a final determination, and failed to allow Mrs. Bethea an opportunity to respond to said information, before it made a final determination on her claim for LTD benefits;

(f) Aetna failed to obtain and consider relevant information pertaining to Mrs. Bethea's disability before it made a final determination on her claim for LTD benefits;

(g) Aetna wrongfully denied Mrs. Bethea a full, fair and impartial review of her benefits claim pursuant to 29 C.F.R § 2560.503-1(h)(1), by ignoring the overwhelming weight and credibility of evidence submitted and instead behaved as an adversary, looking instead for less credible evidence of marginal significance to support its goal of denying her benefits claim;

(h) Aetna failed to give proper weight to Mrs. Bethea's own accounts regarding the debilitating effects of her pain;

(i) Aetna ignored the records and opinions of Mrs. Bethea's treating

physicians which show that Mrs. Bethea is totally disabled, and instead based its decision to deny benefits on its internal review by Aetna staff members and its paid reviewers, who had never seen or treated Mrs. Bethea, some of which never spoke with her treating physicians about the nature of her disability, and who were not as qualified as Mrs. Bethea's treating physicians to formulate opinions regarding the nature and extent of her disability;

(j) Aetna failed to exercise reasonable flexibility in its claims review process to assure Mrs. Bethea a full, fair review, well-reasoned, and principled of his claim;

(k) Aetna administered Mrs. Bethea's claim for LTD benefits while acting under an inherent and substantial conflict of interest in that Aetna served both as fiduciary of and funding source for the Plan, and placed its own pecuniary interests above Mrs. Bethea's interests in wrongfully terminating her LTD benefits and failing to administer the Plan as an impartial decision-maker, free of such conflict of interest, would;

(l) Aetna made erroneous interpretations of some evidence in violation of its obligation to discharge its duties with care, prudence, skill, and diligence;

(m) Aetna acted in bad faith by denying Mrs. Bethea's claim based upon the inability of Aetna's paid reviewers to find Mrs. Bethea disabled, and otherwise failed to administer the Plan honestly, fairly and in good faith, and to at all ties act in Mrs. Bethea's best interests;

(n) Aetna terminated Mrs. Bethea's benefits without the support of any new information that showed improvement in Mrs. Bethea's medical condition, when in fact, her treating physicians opined that her medical condition continued to deteriorate;

(o) Aetna failed to support the termination of benefits with substantial evidence;

(p) Aetna imposed a standard not required by the Plan provisions, by requiring objective evidence of Mrs. Bethea's subjective medical conditions where such evidence cannot be reasonably provided;

(q) Aetna denied Mrs. Bethea's claim for a lack of objective medical evidence when Mrs. Bethea has provided ample subjective evidence of a disability and Aetna has neither identified any objective evidence that Mrs. Bethea could have supplied to support the claim and has not had Mrs. Bethea undergo an independent medical examination or a similar in-person probative procedure to test the validity of her complaints;

(r) Aetna failed to consider Mrs. Bethea's non-exertional limitations caused by her disability, such as the side effects of her prescribed medication, her ability to regularly attend work, and the effect her disability has on her concentration, persistence and pace when performing the material duties of any reasonable occupation;

(s) Aetna's termination of Mrs. Bethea's LTD benefits failed to provide a detailed explanation and the basis of its disagreement with the opinions of Mrs. Bethea's treating physicians;

(t) Aetna wrongfully denied Mrs. Bethea's LTD benefits in such other ways to be shown through discovery and/or hearing.

53. As a result of the foregoing, the relief to which Mrs. Bethea is entitled includes: (1) monthly LTD income benefits to Mrs. Bethea, (2) payment of back benefits from November 16, 2018 to the date of judgment, (3) pre-judgment interest, (4) equitable relief, including declaratory and injunctive relief, to redress Aetna's practices that are violative of the Plan and ERISA, and to enforce the terms of the Plan and ERISA, and (6) an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

## CAUSES OF ACTION

### COUNT ONE
### ERISA (Claim for Benefits Owed under Plan)

54. Plaintiff hereby incorporates by reference each and every fact as if it was restated herein.

55. At all times relevant to this action, Mrs. Bethea was a participant of the Plan underwritten by Aetna and issued to The Moses H. Cone Memorial Hospital Operating Corporation and was eligible to receive disability benefits under the Plan.

56. As more fully described above, the termination and refusal to pay Mrs. Bethea's benefits under the Plan for the period from at least on or about November 16, 2018 through the present constitutes a breach of Defendant's obligations under the Plan and ERISA. The decision to deny benefits to Mrs. Bethea constitutes an abuse of discretion as the decision was not reasonable and was not based on substantial evidence.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays the Court for the following:

1. A judgment ordering the applicable standard of review in this case is *de novo*;

2. A judgment ordering that by a preponderance of evidence, the Defendant has breached its fiduciary duty to the Plaintiff by wrongfully denying her LTD benefits owed to her through the Plan;

3. In the alternative, if the Court determines that the applicable standard of review is the heightened arbitrary and capricious standard, the Court may take

and review the records of Defendant and any other evidence that it deems necessary to conduct an adequate arbitrary and capricious review and enter a judgment that Defendant's decision to wrongfully deny Plaintiff's LTD benefits was unreasonable, arbitrary and capricious, and unsupported by substantial evidence;

4. Declaratory and injunctive relief, finding that Defendant violated the terms of the Plan and Plaintiff's rights thereunder by terminating Mrs. Bethea's LTD benefits, that Mrs. Bethea is entitled to a continuation of future LTD benefits from Defendant pursuant to the Plan;

5. Declaratory and injunctive relief, finding that Defendant breached its fiduciary duties to Plaintiff, enjoining Defendant from further violations of its fiduciary duties, and directing Defendant to take all actions necessary to administer the Plan in accordance with the terms and provisions thereof and Defendant's fiduciary and other obligations arising under ERISA;

6. A judgment ordering Defendant to pay Mrs. Bethea's LTD benefits from November 16, 2018 through the date judgment is entered herein, together with pre-judgment interest on each and every such monthly payment through the date of judgment;

7. An award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

8. For such other and further relief as the Court deems just, fit and proper.

Respectfully submitted this the 7th day of April, 2020.

                                    */s/ Peter H. Burke*_____
                                    Peter H. Burke (ASB-1992-K74P)

                                    pburke@burkeharvey.com
                                    BURKE HARVEY, LLC
                                    3535 Grandview Parkway, Suite 100
                                    Birmingham, Alabama 35243
                                    Phone: 205-930-9091
                                    Fax: 205-930-9054
                                    *Attorney for Plaintiff Belinda Bethea*

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Aetna Life Insurance Company
151 Farmington Ave
Hartford, CT  06156